```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

FEDERAL DEPOSIT INSURANCE        \*
CORPORATION, *as Receiver for*
*GulfSouth Private Bank*,         \*

    Plaintiff,                   \*

vs.                              \*     CASE NO. 4:16-CV-284 (CDL)

WILLIAM L. AMOS, JENNIFER C.     \*
AMOS, and WLA INVESTMENTS INC.,
                                 \*
    Defendants.
                                 \*

O R D E R

Plaintiff Federal Deposit Insurance Company ("FDIC-R"), as receiver for GulfSouth Private Bank, seeks "a declaration that the mortgage encumbering certain real property and held by [Defendant] WLA Investments Inc." is Defendant William L. Amos's property. Pl.'s Resp. to Def. WLA's Mot. to Dismiss 1, ECF No. 31. FDIC-R "seeks to attach and levy on the mortgage to help satisfy the over $3.5 million owed by Amos to" FDIC-R. *Id.*

WLA Investments LLC, which is not named as a party in this action, filed a motion to dismiss any claims against it for lack of personal jurisdiction. FDIC-R did not assert any claims against WLA Investments LLC, although FDIC-R does allege that WLA Investments LLC is also known as WLA Investments Inc. WLA Investments Inc. is a Defendant in this case. WLA Investments LLC argues that to the extent that FDIC-R attempts to assert any

claims against it, those claims should be dismissed for lack of personal jurisdiction. FDIC-R contends that both WLA Investments LLC and WLA Investments Inc. waived personal jurisdiction by agreeing to a preliminary injunction.[1]

A defendant may waive personal jurisdiction. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979), *superseded by statute on other grounds as stated in Newton v. Thomason*, 22 F.3d 1455, 1464 n.8 (9th Cir. 1994). Here, Both WLA Investments LLC and WLA Investments Inc. consented to a preliminary injunction in this action. Consent Order Granting Prelim. Inj. 1 & n.1, ECF No. 17. Under the preliminary injunction, WLA Investments LLC and WLA Investments Inc. agreed to be enjoined from taking several actions with regard to certain real property in Biloxi, Mississippi. *Id.* at 5-6. Neither WLA Investments LLC nor WLA Investments Inc. objected to jurisdiction in this Court or reserved the right to contest the Court's jurisdiction. When WLA Investments LLC and WLA Investments Inc. consented to the injunction, they "voluntarily acknowledged and acquiesced to the [Court's] authority to control their conduct." *Aeration Sols., Inc. v. Dickman*, 85 F. App'x 772, 774 (Fed. Cir. 2004). "[F]ew actions [can] more clearly signal an acceptance of a court's jurisdiction than signing a stipulated injunction order. Such

---

[1] WLA Investments Inc. does not challenge personal jurisdiction. FDIC-R alleges that WLA Investments Inc. is not incorporated under the laws of any state and is solely owned by William Amos, a Georgia citizen. Am. Compl. ¶¶ 5, 14, ECF No. 23.

an action, without reservation, expressly indicates a party's willingness to submit itself to the equitable powers of the court." *Id.* at 775. For these reasons, the Court finds that if FDIC-R has asserted any claims against WLA Investments LLC, the Court may exercise personal jurisdiction over WLA Investments LLC.[2]

## CONCLUSION

For the reasons set forth above, WLA Investments LLC's Motion to Dismiss (ECF No. 26) is denied.

IT IS SO ORDERED, this 8th day of February, 2017.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] Even if WLA Investments LLC had not waived personal jurisdiction, the Court would likely still have personal jurisdiction over WLA Investments LLC because its principal place of business is in Georgia and the mortgage assignment and mortgage subordination at issue in this action were both executed in Georgia. Def. WLA's Mot. to Dismiss Ex. A, Articles of Organization, ECF No. 26 at 5-6; Am. Compl. Ex. M, Assignment of Mortgage, ECF No. 23-13; Am. Compl. Ex. N, Subordination Agreement, ECF No. 23-14. And, WLA Investments LLC did not point to any evidence in support of its argument that it does not transact business in Georgia.