```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

FEDERAL DEPOSIT INSURANCE           *
CORPORATION, *as Receiver for*
*GulfSouth Private Bank*,            *

    Plaintiff,                   *

vs.                                 *       CASE NO. 4:16-CV-284 (CDL)

WILLIAM L. AMOS, JENNIFER C.        *
AMOS, and WLA INVESTMENTS INC.,
                                    *
    Defendants.
                                    *

## O R D E R

Plaintiff Federal Deposit Insurance Company ("FDIC-R"), as receiver for GulfSouth Private Bank, alleges that Defendant William L. Amos fraudulently transferred his 35% membership interest in Paladin Beach Investments, LLC to his wife, Defendant Jennifer C. Amos. According to FDIC-R, Mrs. Amos now owns 70% of the interest in Paladin, though Mr. Amos continues to manage Paladin. FDIC-R also asserts that WLA Investments Inc. holds a mortgage encumbering Paladin's ten acres of real property in Biloxi, Mississippi. FDIC-R "seeks to attach and levy on the mortgage to help satisfy the over $3.5 million owed by" Mr. Amos to FDIC-R. Pl.'s Resp. to Amos Mot. to Dismiss 2, ECF No. 30. FDIC-R did not name Paladin as a Defendant in this action. The Amoses contend that this action must be dismissed because Paladin was not joined.

Joinder of parties is governed by Federal Rule of Civil Procedure 19. Under that rule, a third party "must be joined as a party" if "the court cannot accord complete relief among existing parties" in that party's absence or if the party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may: (i) impair or impede the [party's] ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). If the absent party is "required" under Rule 19(a)(1) and joinder is feasible, then the Court "must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). It is only when a required party "cannot be joined" that the Court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Here, the Amoses do not contend that Paladin cannot be joined for some reason, such as lack of personal jurisdiction or improper venue. FDIC-R asserts that Paladin is a Georgia LLC. Also, Paladin consented to a preliminary injunction in this action under which Paladin agreed to be enjoined from taking several actions with regard to certain real property in Biloxi, Mississippi. Consent Order Granting Prelim. Inj. 1 & n.1, 5-6,

ECF No. 17. Thus, it appears that joinder is feasible. The only remaining question is whether Paladin is a required party such that the Court must order that Paladin be made a party.

The Amoses did not point to any reason why the Court cannot accord complete relief among the parties in Paladin's absence. The Amoses do argue that this action may affect Paladin's interests in the real property in Mississippi. But FDIC-R does not seek an adjudication of whether Paladin owns title to the real property in Mississippi. Rather, FDIC-R asserts that Paladin will continue to hold the real property, subject to any liens. FDIC-R seeks an adjudication regarding (1) whether Mr. Amos fraudulently transferred his 35% membership interest in Paladin to Mrs. Amos and (2) whether Mr. Amos's property includes the mortgage that encumbers Paladin's real property in Mississippi. The Court should be able to answer these questions and accord complete relief among the parties in Paladin's absence.

The Amoses also did not point to any reason why disposing of this action in Paladin's absence would impair or impede Paladin's ability to protect an interest that is the subject of this action. As discussed above, this action will not involve an adjudication of whether Paladin owns title to the real property in Mississippi; Paladin will continue to hold title to the property, subject to any liens.

3

Finally, the Amoses did not point to any reason why disposing of this action without Paladin would leave one of the other parties to this action subject to a substantial risk of incurring inconsistent obligations.  The Amoses did point to a Georgia Court of Appeals opinion finding that the current holders of title to foreclosed property were necessary parties in a wrongful foreclosure action brought by the former owners under Georgia's version of Rule 19 because "their absence could leave the defendants subject to a substantial risk of incurring multiple obligations by reason of the former owners' interest in the property."  *Wilcher v. Way Acceptance Co.*, 700 S.E.2d 876, 878 (Ga. Ct. App. 2010).  *Wilcher* does not apply here because the Amoses do not assert that they are at risk of inconsistent obligations if Paladin is not joined.

In summary, the Amoses did not establish that Paladin is a required party under Rule 19(a).  Thus, the Court declines to order that Paladin be made a party, and the Amoses' Motion to Dismiss (ECF No. 29) is denied.

IT IS SO ORDERED, this 8th day of February, 2017.

                                              s/Clay D. Land
                                              CLAY D. LAND
                                              CHIEF U.S. DISTRICT COURT JUDGE
                                              MIDDLE DISTRICT OF GEORGIA